UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG WISE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:15-cv-2465 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

PROCEDURAL BACKGROUND

In a decision dated July 1, 1994, plaintiff was found to be disabled as of July 1, 1994, and thus entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 10.)

1

("the Act"). (Transcript ("Tr.") at 17.) However, in September of 2013, it was determined that plaintiff was no longer disabled as of September 1, 2013. (Id. at 17, 68, 73-76.) This determination was upheld upon reconsideration. (Id. at 109-11.)

Thereafter, plaintiff requested a hearing, which was initially held on November 18, 2014, with a subsequent hearing on February 24, 2015. (Id. at 32-45, 46-67.) Plaintiff testified at both administrative hearings, but was represented by counsel at only the February 24, 2015 hearing. (Id. at 32-35, 46-47.) In a decision issued on July 15, 2015, the ALJ found that plaintiff's disability ended as of September 1, 2013. (Id. at 27.) The ALJ entered the following findings:

> 1. The most recent favorable medical decision finding that the claimant continued to be disabled is the determination dated October 15, 2007. This is known as the "comparison point decision" or CPD.
>
> 2. At the time of the CPD, the claimant had the following medically determinable impairments: Bipolar disorder, ADHD, and emotional disturbance. His bipolar disorder was found to meet section(s) 12.04 (Affective (mood) Disorders) of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).
>
> 3. The medical evidence establishes that the claimant did not develop any additional impairments after the CPD through September 1, 2013. Thus, the claimant's current impairments are the same as the CPD impairments.
>
> 4. Since January 1, 2013, the claimant has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).
>
> 5. Medical improvement occurred as of September 1, 2013 (20 CFR 416.994(b)(1)(i)).
>
> 6. The medical improvement is related to the ability to work because, as of September 1, 2013, the claimant no longer had an impairment or combination of impairments that met or medically equaled the same listing(s) that was met at the time of the CPD (20 CFR 416.994(b)(2)(iv)(A)).
>
> 7. Beginning on September 1, 2013, the claimant's impairments has (sic) continued to be severe (20 CFR 416.994(b)(5)(v)).
>
> 6 (sic). After careful consideration of the entire record, I find that, beginning on September 1, 2013, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform limited 1 to 2-step tasks with only occasional contact with the public, co-workers, and supervisors.

2

| | |
|---|---|
| 1 | 7 (sic). The claimant has no past relevant work (20 CFR 416.965). |
| 2 | 8. On September 1, 2013, the claimant was a younger individual age 18-49 (20 CFR 416.963). |
| 3 | |
| 4 | 9. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964). |
| 5 | 10. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968). |
| 6 | |
| 7 | 11. Beginning on September 1, 2013, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been able to perform a significant number of jobs in the national economy (20 CFR 416.960(c) and 416.966). |
| 8 | |
| 9 | 12. The claimant's disability ended on September 1, 2013, and the claimant has not become disabled again since that date (20 CFR 416.994(b)(5)(vii)). |
| 10 | |

(Id. at 19-26.)

On September 22, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's July 15, 2015 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 25, 2015. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

////

The ALJ must apply and follow the seven-step evaluation process set forth in 20 CFR § 416.994 to determine if a claimant continues to be disabled. See Khampunbuan v. Astrue, 333 Fed.Appx. 217, 218 (9th Cir. 2009). At step one, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or medically equals the criteria of a listed impairment. If the claimant does, her disability continues. At step two, the ALJ must determine whether medical improvement has occurred. If medical improvement has occurred, the analysis proceeds to the third step. If not, the analysis proceeds to the fourth step. At step three, the ALJ must determine whether medical improvement is related to the ability to work. Medical improvement is related to the ability to work if it results in an increase in the claimant's capacity to perform basic work activities. If it does, the analysis proceeds to the fifth step. At step four, the ALJ must determine if an exception to medical improvements applies. There are two groups of exceptions. If one of the first group exceptions applies, the analysis proceeds to the next step. If one of the second group exceptions applies, the claimant's disability ends. If none apply the claimant's disability continues.

At step five, the ALJ must determine whether all the claimant's current impairments in combination are severe. If all current impairments in combination do not significantly limit the claimant's ability to do basic work activities, the claimant is no longer disabled. If they do, the analysis proceeds to step six. At step six, the ALJ must assess the claimant's residual functional capacity based on the current impairments and determine if she can perform past relevant work. If the claimant has the capacity to perform past relevant work, her disability has ended. If not, the analysis proceeds to step seven. At step seven, the ALJ must determine whether other work exists that the claimant can perform, given her residual functional capacity and considering her age, education, and past work experience. If the claimant can perform other work, she is no longer disabled. If the claimant cannot perform other work, her disability continues. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given her residual functional capacity, age, education, and work experience.

APPLICATION

Plaintiff's pending motion asserts that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 18) at 6-13.[2]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, on May 13, 2014, Dr. Joseph Marzano, plaintiff's treating physician, completed a "Short-Form Evaluation for Mental Disorders" form. (Tr. at 341-44.) Therein, Dr. Marzano opined, in relevant part, that plaintiff's ability to understand, remember, and carry out simple instructions, maintain concentration, attention, and persistence, maintain regular attendance, interact appropriately with supervisors, and respond appropriately to changes in a work setting

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

were "poor."[3]  (Id. at 343.)

The ALJ's decision discussed both Dr. Marzano's treatment records and his treating opinion, stating:

> As for the opinion evidence, I accord substantial evidentiary weight to Dr. Marzano's treatment records that presented the claimant as having improved mental functioning.  Therefore, not so much evidentiary weight can be accorded Dr. Marzano's extreme assessment of the claimant's functioning.[4]  His own treatment records do not support his assessment that the claimant was "poor" in virtually most areas of mental functioning (e.g., performing simple tasks, maintaining concentration, interacting appropriately with supervisors).

(Id. at 24.)

However, the ALJ's decision fails to cite or discuss any specific evidence in support of the assertion that Dr. Marzano's treatment records conflicted with his opinion.  "Far from 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings,'" the ALJ cited no specific evidence of record "that contradicted the treating physician's opinion." Trevizo v. Berryhill, 862 F.3d 987, 999 (9th Cir. 2017) (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

In this regard, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014). Moreover, "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel—not to provide evidence for disability determinations." Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007).

Accordingly, the court finds that the ALJ failed to offer a specific and legitimate reason supported by substantial evidence in the record for rejecting Dr. Marzano's opinion.

---

[3] The form defined "poor" as "[t]he evidence supports the conclusion that the individual cannot usefully perform or sustain the activity."  (Tr. at 343.)

[4] In making this determination, the ALJ failed to consider factors such as the length of the treating relationship, the frequency of examination, the nature and extent of the treatment relationship, or the supportability of the opinion.  20 C.F.R. § 404.1527(c)(2)-(6).  "This failure alone constitutes reversible legal error." Trevizo v. Berryhill, 862 F.3d 987, 998 (9th Cir. 2017).

6

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this matter should be remanded for further proceedings. (Pl.'s MSJ (ECF No. 18) at 14.) The court agrees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 22) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

////
////
////
////

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: August 31, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\wise2465.ord